IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSEPH D. VANCE

                    Plaintiff,

      v.

DIANA SHEQUIGTEN, *et al.*,

                    Defendants.

_____

Civ. No. 6:23-cv-01858-AA

**OPINION & ORDER**

AIKEN, District Judge.

      *Pro Se* Plaintiff Joseph D. Vance, seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 2, is GRANTED but the Complaint, ECF No.1, is dismissed with leave to amend and without service on Defendants. The Motion for Appointment of Counsel, ECF No. 3, is DENIED.

**LEGAL STANDARD**

      Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of

any doubt.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency.  Plaintiff's IFP petition indicates that he does not have substantial income or assets.  The Court concludes that Plaintiff has made a sufficient showing of indigency and so the IFP petition will be granted.  However, for the reasons set forth below, the Complaint will be dismissed with leave to amend but without service on Defendants.

Turning to the substance of the Complaint, Plaintiff brings claims for "civil rights torturing act, potential patent theft & embezzlement," and "planting evidence." Compl. 3.  Plaintiff explains his claim as follows:

> Angelina Staztman is part of the foundry & they run a foster home using false credentials as forest bliss and Diana Bliss[.] The Business was left to me they are paying of [sic] cops and DHS workers trying to set me up to still [sic] It and to still [sic] my DOD patents they are a [sic] organization[.]

Compl. 3.

The Complaint does not explain who the individual Defendants are, nor does it clearly explain what the "foundry" is, other than apparently a foster home service. Plaintiff appears to allege that Angelina Staztman, and perhaps others, stole a business and possibly unidentified patents from Plaintiff, but the nature of the stolen

business, the manner of the theft, and what sort of patents are involved remain unexplained. No conduct relating to the other named Defendants is described in the Complaint. The Court is left to guess at what specific claims Plaintiff is seeking to make and against which specific defendants.

This falls below the federal pleading standards and the Complaint must be dismissed for failure to state a claim. As Plaintiff is pro se, dismissal shall be with leave to amend and Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint. In drafting the amended complaint, Plaintiff should bear in mind that the Court does not know anything about his situation other than what he included in his amended pleading. Plaintiff should briefly and clearly explain who the defendants are, what they have done, and why Plaintiff believes the defendants should be held liable for his injury.

Finally, the Court denies the Motion for Appointment of Counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Here, Plaintiff has failed to state a claim and so the Court declines to request volunteer counsel at this time.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is GRANTED but the Complaint, ECF No. 1, is DISMISSED without service on

Defendants.  Dismissal is with leave to amend and Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.  Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED.

It is so ORDERED and DATED this <u>6th</u> day of February 2024.

<u>s/ Ann Aiken</u>
ANN AIKEN
United States District Judge